**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**


| | | |
|---|---|---|
| **BRUCE BERNARD ANDERS, #642976,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-0403-B** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28

U.S.C. § 2254.

Parties:  Petitioner is currently incarcerated within the Texas Department of Criminal

Justice -- Correctional Institutions Division (TDCJ-CID).  Respondent is the Director of TDCJ-

CID.  The Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  Petitioner pled guilty in Criminal District Court Number 2 of

Dallas County, Texas, to the felony offense of attempted aggravated sexual assault of a child in

Cause No. F92-41557.  (Petition (Pet.) at 1).  Punishment was assessed at twenty years

imprisonment.  (*Id.*).  Petitioner unsuccessfully sought state and federal habeas relief.  *See*

*Anders v. Quarterman*, No. 3:06-CV-0963-K, 2006 WL 2860551 (N.D. Tex. Oct. 5, 2006), *COA denied,* No. 06-11310 (5th Cir. Aug. 22, 2007). Thereafter, Petitioner returned to federal court to challenge the conviction in this case as well as his seven other state convictions. The court dismissed all claims related to the conviction at issue in this case as successive pending review by a three-judge panel of the Fifth Circuit Court of Appeals. *See Anders v. Quarterman*, No. 3:07CV-1160-N (N.D. Tex. Oct. 5, 2007). Petitioner did not appeal.

In the present action, Petitioner again seeks to challenge his conviction for attempted sexual assault of a child in No. F92-41557. He now alleges that he is actually innocent and was convicted for conduct that was not a crime. (Pet. at ground 1, p. 1-3).

Findings and Conclusions: Although Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, he clearly seeks to attack the state court conviction for which he is presently incarcerated within TDCJ-CID. As such this action should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, which is reserved for habeas applications "in behalf of a person in custody pursuant to the judgment of a State court . . . ." *See* 28 U.S.C. § 2254(a). Petitioner's arguments to the contrary, that his petition should be analyzed under § 2241 instead of § 2254, are conclusory and unsubstantiated. (*See* Petitioner's Mot. to Administratively Close Case filed Mar. 21, 2008, Doc. #7). Federal courts have generally interpreted § 2241 as a statutory grant of authority to issue habeas writs, while § 2254 is deemed to implement that authority with respect to state prisoners. *Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 2339 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'")

Since Petitioner previously filed a § 2254 federal habeas petition, the instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA limits the circumstances under which a petitioner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Fifth Circuit has not issued an order authorizing this court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting

out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be construed as being brought pursuant to 28 U.S.C. § 2254, and that the same be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). It is further recommended that Petitioner's motions to administratively close the case and to appoint counsel (Doc. #2 and #7) be DENIED as moot.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 21st day of May, 2008.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.